## LA IGLESIA CATÓLICA, APOSTÓLICA, ROMANA EN PUERTO RICO v. EL MUNICIPIO DE BAYAMÓN.

Acción entablada ante el Tribunal Supremo como tribunal de primera instancia, sobre reivindicación de bienes inmuebles.

No. 11.—Resuelto en octubre 25, 1912.

JURISDICCIÓN ORIGINAL DEL TRIBUNAL SUPREMO—TÉRMINO CONCEDIDO PARA EL COMIENZO DE ACCIONES DE LA IGLESIA CATÓLICA, APOSTÓLICA, ROMANA.—De acuerdo con la ley de marzo 10, 1904, confiriendo jurisdicción al Tribunal Supremo de Puerto Rico para conocer de ciertas reclamaciones de la Iglesia Católica, Apostólica, Romana de Puerto Rico, este tribunal carece de jurisdicción original para conocer de acciones entabladas por la Iglesia Católica, Apostólica, Romana, después de transcurridos tres meses desde la aprobación de dicha ley, y por lo tanto procede la desestimación de la demanda presentada en este caso.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Joseph Anderson, Jr.*

Abogado del demandado: *Sr. Rafael López Landrón.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 3 de junio último la Iglesia Católica Apostólica Romana de Puerto Rico a nombre de la Iglesia Católica de Bayamón, representada por el Reverendo Padre Martín Luyke, por medio de su abogado Joseph Anderson, Jr., produjo demanda ante esta Corte Suprema para obtener la reivindicación de una parcela de terreno que alega ser de su propiedad, y de que se había posesionado el Municipio de Bayamón, inscribiéndola en el registro de la propiedad, cuyo municipio debía pagar a la demandante por vía de indemnización de perjuicios, la cantidad de $2,000.

Contra dicha demanda alegó el Municipio de Bayamón como excepciones previas, que esta corte no tiene jurisdicción sobre la persona del demandado, ni por la materia de la acción, que la demanda no aduce hechos suficientes para determinar una causa de acción y que el demandante no tiene capacidad legal para demandar.

Señalado día para la vista de las excepciones propuestas, compareció únicamente la representación del municipio demandado, quien ha presentado un alegato escrito en su defensa.

Aunque no se ha alegado por la parte demandada que esta Corte Suprema carezca de jurisdicción para conocer de la demanda, por el fundamento específico de que esa jurisdicción no le ha sido concedida por la ley "Confiriendo jurisdicción original al Tribunal Supremo de Puerto Rico, para conocer sobre ciertas propiedades reclamadas por la Iglesia Católica Romana de Puerto Rico, y resolver acerca de las mismas," aprobada en 10 de marzo de 1904, pues sus alegaciones tienden principalmente a demostrar falta de acción

y falta de capacidad en la parte demandante, examinemos cuestión jurisdiccional tan importante.

La ley aprobada el 10 de marzo de 1904 confirió jurisdicción original al Tribunal Supremo de Puerto Rico para conocer de todas las cuestiones pendientes o que pudieran suscitarse entre la Iglesia Católica Romana en Puerto Rico y el Pueblo de Puerto Rico, o cualquier municipio de la isla, que afectaran a derechos de propiedad, ya sea ésta inmueble, mueble o mixta, reclamados por cualquiera de las partes, y para resolver acerca de las mismas, disponiéndose que el Attorney General de Puerto Rico procediera desde luego a prepararse para la vista de las causas, y que si la Iglesia Católica Romana no iniciaba los procedimientos con arreglo a dicha ley, dentro de los tres meses de aprobada la misma, sería en tal caso obligación del Attorney General, promover los procedimientos a nombre del Gobierno Insular, siendo aplicable a la Iglesia Católica Romana el precepto indicado, cuando se tratara de cuestiones pendientes o que pudieran suscitarse entre ella y cualquier municipio.

Atendidos los términos en que está redactada la ley de 10 de marzo de 1904, entendemos que a la Iglesia Católica Romana de Puerto Rico fué concedido el término de tres meses a contar desde la aprobación de dicha ley para que con arreglo a la misma, y ante este Tribunal Supremo, reclamara, bien al Pueblo de Puerto Rico, bien a cualquier municipio de la isla, los derechos de propiedad inmueble, mueble o mixta de que se creyera asistida, y sobre los que hubiera pendientes o pudieran suscitarse cuestiones entre las partes mencionadas, y a esta Corte Suprema se otorgó jurisdicción original para conocer y decidir tales reclamaciones interpuestas por la Iglesia Católica Apostólica Romana dentro de los tres meses expresados. Transcurrido ese término, faltaba jurisdicción original a esta corte para conocer de las demandas que posteriormente presentara la Iglesia Católica Romana contra el Pueblo de Puerto Rico o cualquier munici-

pio de la isla. No puede menos que ser así, pues la Legislatura no se propuso establecer en términos absolutos una jurisdicción especial y privilegiada y bajo cualesquiera circunstancias a favor de la Iglesia Católica Romana, sino decidir y terminar en tiempo no lejano, las cuestiones sobre propiedad inmueble, mueble o mixta, surgidas entre la Iglesia Católica y El Pueblo de Puerto Rico y municipios de la isla con motivo del cambio de soberanía, que vino a establecer un cambio radical de relaciones entre la iglesia y el poder temporal.

Entendiéndolo así la Iglesia Católica, Apostólica, Romana, inició distintos pleitos contra El Pueblo de Puerto Rico y varios municipios de la isla, dentro del término de tres meses señalado por la ley, siendo éste el primero que se inicia ante esta corte después del vencimiento de aquel término.

Lo dicho no impide que la parte interesada pueda ejercitar los derechos de que se crea asistida ante corte competente.

Por las razones expresadas, opinamos que esta Corte Suprema carece de jurisdicción para conocer de la demanda y que ésta debe ser desestimada.

*Desestimada la demanda.*

Jueces concurrentes: Sres: Asociados MacLeary, Wolf, del Toro y Aldrey.